IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEITH GRIFFIN,

                    Petitioner,

   v.                                                                OPINION and ORDER

MICHAEL MEISNER and JASON BENZEL,                                   25-cv-328-jdp

                    Respondents.

---

Petitioner Keith Griffin, proceeding without counsel, seeks relief under 28 U.S.C. § 2241, contending that his probation was unlawfully revoked in Dane County case No. 2015CF997. I must review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition because, as I have previously explained to Griffin, § 2241 is not the right vehicle for him to challenge his probation revocation.

BACKGROUND

The background is mostly from my decisions dismissing Griffin's related civil rights complaint and § 2241 petition. *Griffin v. Barrett*, 25-cv-200-jdp, Dkt. 3; *Griffin v. Perez*, 25-cv-145-jdp, Dkt. 12. In 2015, Griffin was convicted of taking and driving a vehicle without consent in the '997 case. He was sentenced to two years of initial confinement and two years of extended supervision, imposed and stayed for three years of probation.

In 2018, Griffin was charged and convicted in Cook County (Ill.) Circuit Court of being an armed habitual criminal and unlawful use of a weapon by a felon. *People v. Griffin*, 2022 IL App (1st) 190499, ¶ 1. The circuit court sentenced Griffin to eight years of imprisonment, and its judgment was affirmed on appeal. *Id.* The Supreme Court of Illinois denied Griffin's petition for review. *People v. Griffin*, 197 N.E.3d 1132 (Ill. 2022) (table). While his direct appeal was pending, Griffin filed a habeas corpus petition in the Cook County Circuit Court, which denied it. The Illinois appellate court granted Griffin's counsel's motion to dismiss the appeal because it raised no issue of legal merit, and it affirmed the dismissal. Griffin then brought a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the U.S. District Court for the Northern District of Illinois, which is pending. *Griffin v. Jones*, 24-cv-270 (N.D. Ill.).

In February 2025, Griffin's probation in the '997 case was revoked, in large part based on the conduct charged in the 2018 Cook County case. The administrative law judge imposed the sentence that was stayed in the 2015 Dane County case.

In his petition here, Griffin contends that his probation was unlawfully revoked because: (1) the revocation was based on his Illinois conviction, which he says is unconstitutional and void; (2) his probation ended in 2019; and (3) his conviction in the Illinois case was voided in a mandamus action in that state. *See* Dkt. 1 at 10–11. Griffin seeks release from confinement. *Id.* at 11.

Griffin raised substantially the same claims in the previous § 2241 petition. *See* Dkt. 3 in the '200 case, at 2. I dismissed that petition as improperly filed because a petition under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner to challenge his revocation of

probation. *Id.* at 2–3. I declined to treat that petition as a § 2254 petition because Griffin hadn't exhausted his state-court remedies. *Id.* at 3.

## ANALYSIS

### A. Preliminary matter

I take a moment to address Griffin's note to the court. Dkt. 4. Griffin expresses displeasure with his treatment in the court system, and he says that judges have conspired to deprive him of his liberty and are corrupt. Griffin also admonishes me not to think that I can get away with "wrongdoing," and he wishes that I "have a heart attack or get cancer."

If Griffin is asking me to recuse myself from this case, I will deny the request. 28 U.S.C. § 455(a) requires me to recuse myself "in any proceeding in which [my] impartiality might reasonably be questioned." I have a duty to recuse when presented with valid reasons, but I also have a duty to refuse recusal when justification is lacking. *N.Y. City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986). Unfavorable legal rulings are not a reason for my recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). At most, Griffin expresses dissatisfaction with my earlier decisions, which were based on objective legal considerations.

Griffin is reminded of his duty to treat the court and other litigants with respect. Abusive or threatening comments or conduct by a litigant in this court may result in sanctions, including entry of judgment against the offending party. Although Griffin's comments are petty and disdainful, I will not dismiss the case as a sanction for that conduct. But Griffin is forewarned: any future instances of abusive or threatening comments or conduct will be met with sanctions, including dismissal and a possible filing bar.

**B. Screening the petition**

I will dismiss Griffin's new petition for the same reasons that I dismissed the previous one. A petitioner in custody pursuant to a state-court judgment must use a § 2254 petition to challenge the judgment's constitutionality. *See* 28 U.S.C. § 2254(a); *see also Ewing v. Hayes*, No. 16-cv-275-jdp, 2016 WL 7266816, at *2 (W.D. Wis. Dec. 15, 2016). Griffin improperly filed his new § 2241 petition, as he was aware from my previous order.

I have discretion to treat a § 2241 petition as a § 2254 petition, but that would not be proper here. Section 2254 requires petitioners to "exhaust[] the remedies available in the courts of the State." *See Wilson v. Cromwell*, 58 F.4th 309, 319 (7th Cir. 2023); 28 U.S.C. § 2254(b)(1)(A), (c). Griffin does not allege that he's exhausted his state-court remedies, *see* Dkt. 1 at 3–9, and that would be implausible because he says that the Board of Appeals only recently decided his appeal of the revocation. *See* Dkt. 6 in the '200 case. Griffin must complete the process set forth in my previous order. *See* Dkt. 3 in the '200 case, at 3.

Once Griffin has exhausted state-court remedies, if he still seeks relief from his probation revocation, he will be able to bring a petition under § 2254. Any future § 2241 petitions based on the same or similar facts will be summarily dismissed.

ORDER

IT IS ORDERED that:

1. Plaintiff Keith Griffin's habeas petition, Dkt. 1, is DISMISSED as improperly filed.

2.  The clerk of court is directed to enter judgment and close the case.

Entered July 9, 2025.

        BY THE COURT:

        /s/

        _____

        JAMES D. PETERSON
        District Judge